UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 23-44760

HEATHER CARTER,                            Chapter 7

                  Debtor.                                   Judge Thomas J. Tucker
_____/

### ORDER DENYING THE MICHIGAN EDUCATIONAL CREDIT UNION'S MOTION TO DETERMINE VALIDITY OF ITS LIEN, AND CANCELING SEPTEMBER 27, 2023 HEARING

      This case is before the Court on the motion by the Michigan Educational Credit Union, entitled "Motion to Determine Validity of Michigan Educational Credit Union's Lien" (Docket # 36, the "Motion"). The Court has reviewed the Motion, and the response to the Motion filed by the Debtor (Docket # 45, the "Debtor's Response"), and the reply filed by the Credit Union in support of the Motion on September 25, 2023 (Docket # 55, the "Credit Union Reply"). And the Court has reviewed all other relevant parts of the record in this case. Currently the Motion is scheduled for a telephonic hearing to be held on September 27, 2023 at 9:00 a.m. The Court concludes, however, that a hearing on the Motion is not necessary, and that the Motion should be denied, for the following reasons.

      The Motion seeks an order that the Credit Union's security interest in the Debtor's vehicle, a 2015 Ford Taurus, "is a valid and enforceable lien and not subject to avoidance by the Debtor." *See* Ex. 1 to the Motion (proposed order). But the Debtor has not filed a motion or adversary proceeding seeking to avoid the Credit Union's lien, under 11 U.S.C. § 522(f) or otherwise.[1] In the Debtor's Response to the Motion, the Debtor has disclaimed any intention of seeking to avoid the lien.[2] And as the Credit Union's Reply (filed yesterday) acknowledges, the Debtor and the Credit Union recently made a reaffirmation agreement, under which the Debtor has reaffirmed the secured debt in question. *See* Reaffirmation Agreement, filed September 15, 2023 (Docket # 52); Credit Union Reply (Docket # 55) at ¶ 7. That reaffirmation agreement is

---

    [1] Nor has the Chapter 7 Trustee taken any action to avoid, or otherwise challenge, the lien.

    [2] The Debtor's Statement of Intentions filed on June 9, 2023 (Docket # 22) stated that the Debtor intended to "[r]etain" the vehicle and "[a]void lien." The Debtor later filed an amended Statement of Intentions (Docket # 48), stating the intention to retain the vehicle and reaffirm the debt, but that amended Statement of Intention was later stricken, for reasons unrelated to its content. (*See* Order, filed September 25, 2023 (Docket # 56)). In any event, the mere filing of the Debtor's original Statement of Intention was not enough was not sufficient to constitute a request seeking the avoidance of the Credit Union's lien. To seek that relief, the Debtor had to file a motion or an adversary proceeding, something the Debtor has not done.

utterly inconsistent with any effort by the Debtor to avoid, or otherwise challenge the validity of, the Credit Union's lien.

Under the circumstances, the Court views the Motion as asking the Court to resolve a dispute that does not yet actually exist, and that appears unlikely ever to arise. The relief sought by the Motion is unnecessary, and so the Court will decline to grant such relief, subject to the terms of this Order.

Accordingly,

IT IS ORDERED that:

1. The Motion (Docket # 36) is denied.

2. The hearing on the Motion, scheduled for September 27, 2023 at 9:00 a.m., is canceled.

3. This Order is without prejudice to the Credit Union's right to once again seek the relief described in the Motion if and when the Debtor or the Chapter 7 Trustee ever seek to avoid the Credit Union's lien or otherwise challenge the validity of the Credit Union's lien, including by a motion, by an adversary proceeding, or in defense of any future motion for relief from stay filed by the Credit Union.

**Signed on September 26, 2023**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge